

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:09CR299
    Civil Action No. _____

ALEXANDER JESUS SANTIAGO

## MEMORANDUM OPINION

Alexander Jesus Santiago, proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 41). (ECF No. 41.) By Memorandum Opinion and Order entered on August 25, 2014, the Court denied Santiago's § 2255 Motion. Thirty (30) days later, on September 24, 2016, filed DEFENDANT'S MOTION FOR RECONSIDERATION RULE 59(e)/ REQUEST FOR COA § 2253(C) ("Motion for Reconsideration," ECF No. 60). As explained below, Santiago's Motion for Reconsideration must be treated as a successive, unauthorized 2255 Motion.

Because Santiago filed the Motion for Reconsideration more than twenty-eight (28) days after the entry of the August 25, 2014 Memorandum Opinion and Order, the Motion for Reconsideration is governed by Federal Rule of Civil Procedure 60(b) rather than Rule 59(e). See MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)); In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992). Additionally, the United States Court of Appeals for the Fourth Circuit has held

"that district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003) (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)).[1] Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Id. at 207 (citations omitted). Here, Santiago's Motion for Reconsideration seeks to relitigate claims the Court determined lack merit. Thus, the Motion for Reconsideration must be treated as a successive, unauthorized Rule 60(b) Motion. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).

The Clerk will be directed to assign a civil action number to the Motion for Reconsideration (ECF No. 60). The Court has not received authorization from the Fourth Circuit to entertain a second 28 U.S.C. § 2255 motion. Therefore, the action will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to Santiago and counsel for the Government.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 5, 2016

3